**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| JASON CHRISTOPHER LONG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 24-cv-03327 (UNA) |
| | ) | |
| D.C. BOARD OF ELECTIONS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**<u>Order</u>**

This matter is before the Court on its initial review of Plaintiff's *pro se* civil complaint, a document styled as a notice of removal, and his application for leave to proceed *in forma pauperis* ("IFP"). ECF Nos. 1, 1-1, 2. For the reasons below, the Court remands the action to D.C. Superior Court. Any question as to Plaintiff's IFP status will be for that Court to resolve.

Plaintiff filed this civil action in D.C. Superior Court and seeks to remove it to this Court. ECF No. 1-1; *see Long v. DC Board of Elections*, No. 2023-SCB-001673 (D.C. Super. Ct.). However, "only a defendant may remove a case from a state court to federal court." *Wallace v. Saffa*, No. 06-cv-402, 2007 WL 1020791, at *1 (D.D.C. Mar. 30, 2007) (citing 28 U.S.C. §§ 1441(a), 1446(a)). "This proscription exists because 'the plaintiff having submitted himself to the jurisdiction of the state court, [is] not entitled to avail himself of a right of removal conferred only on a defendant who has not submitted himself to the jurisdiction.'" *Id.* (alteration in original) (quoting *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 106 (1941)). "The rationale [underlying this rule] is that the plaintiff who brings a federally cognizable action in state court was free to choose his forum and selected the state forum." *Id.* (alteration in original) (citation omitted).

It appears that Plaintiff bases his removal on his dissatisfaction with actions taken by the presiding local court. *See* ECF No. 1-1 ¶ 2 ("The Plaintiff asserts that the Small Claims and Conciliation Branch [of the D.C. Superior Court] has failed to adhere to the procedural rules and protections that the Founding Fathers put in place to safeguard the Plaintiff's rights."). But federal district courts generally lack jurisdiction to review or interfere with judicial decisions by state and local courts. *See, e.g.*, *Gray v. Poole*, 275 F.3d 1113, 1119 (D.C. Cir. 2002) ("The *Rooker-Feldman* doctrine prevents lower federal courts from hearing cases that amount to the functional equivalent of an appeal from a state court."); *Braxton v. District of Columbia*, No. CV 23-01000, 2023 WL 3790636, at *1 (D.D.C. June 1, 2023) ("To the extent that Plaintiff is seeking review of a Superior Court judge's order, which he contends was 'abusive' and issued 'spitefully,' this federal district court lacks jurisdiction to review another court's decisions and order it to take any action." (internal citation omitted)).

This case is accordingly remanded to D.C. Superior Court. Plaintiff's IFP application, ECF No. 2, is denied as moot.

Date:   January 31, 2025                         /s/_____
                                                  AMIR H. ALI
                                                  *United States District Judge*